IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEANES-KEMP, LLC** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:09CV723 LG-RHW** |
| | § | |
| **JOHNSON CONTROLS, INC., THE** | § | |
| **PHOENIX FINANCIAL GROUP, INC.,** | § | |
| and **PERRE CABELL, Trustee** | § | **DEFENDANTS** |

## ORDER DENYING MOTION TO REMAND

BEFORE THE COURT is the Motion to Remand [3] filed by the Plaintiff Jeanes-Kemp LLC. A response was filed by the Removing Defendant Johnson Controls, Inc., to which Plaintiff replied. After due consideration of the submissions, the record and the relevant law, it is the Court's opinion that it has jurisdiction over this case and the Motion to Remand should be denied.

### FACTS AND PROCEDURAL HISTORY

Jeanes-Kemp, LLC, a Mississippi LLC whose members reside in Mississippi, filed this suit to remove clouds on the title of property it acquired following foreclosure. Jeanes-Kemp alleges that its foreclosure of the first purchase money Deed of Trust cut off and terminated 1) Johnson Controls, Inc.'s construction lien; 2) The Phoenix Financial Group's second and subordinate lien created by the second Deed of Trust; and 3) the title of the trustee, Cabell, in the Deed of Trust. The plaintiff further alleges that Johnson Controls and Phoenix refuse to release liens that were purportedly extinguished by the foreclosure. Jeanes-Kemp alleges a loss of $2,720,000 as a result.

Johnson Controls removed the case to this Court, asserting that the parties were completely diverse despite the common Mississippi domicile of the Plaintiff Jeanes-Kemp and

one of the Defendants, Perre Cabell, Esq., Trustee. The removing Defendant contends that the trustee on the second Deed of Trust is only a nominal party whose citizenship should be disregarded for purposes of determining diversity jurisdiction. The Plaintiff seeks remand because there is an absence of complete party diversity. According to the Plaintiff the trustee is a necessary party and has been properly joined in this action.

## DISCUSSION

The diversity statute requires "complete diversity" of citizenship. A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). However, the citizenship of a nominal party must be disregarded for purposes of determining diversity jurisdiction. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980). "[M]ere formal parties do not oust the jurisdiction of the court, even if they are without the requisite citizenship, where it appears that the real controversy is between citizens of different States." *Walden v. Skinner*, 101 U.S. 577, 589 (1879).

A trustee, neither having title to, nor interest in the property, is not a necessary party to a suit to foreclose a lien. *Hirsch v. Stone,* 62 F.2d 120 (5th Cir. 1932). Under Mississippi law, a trustee under a deed of trust is merely a formal party, because he is "little more than an agent, albeit for both parties, and the writing prescribes his duties." *Wansley v. First Nat'l Bank of Vicksburg*, 566 So. 2d 1218, 1223 (Miss. 1990). This Court has held that trustees joined as a party merely because they occupy the position pursuant to a deed of trust, are nominal parties. *See Hawkins v. Wells Fargo Bank, N.A.*, 2008 WL 216529 *1 (S.D. Miss. Jan. 23, 2008); *Sones v. Simmons*, 2006 WL 2805325 *1 (S.D. Miss. Sept. 25, 2006).

In the opinion of the Court, Cabell is clearly a nominal party. The complaint contains no factual allegations against Cabell. He has no personal stake in the outcome of the litigation and his presence in the case is not necessary to an ultimate resolution of the underlying dispute. Instead, he merely acts as trustee, holding title to property subject to a deed of trust for the benefit of the real parties in interest to this action, to wit: the owner of the property, Jeanes-Kemp, and the purported lien holders, Johnson Controls and Phoenix. It is their citizenship that is relevant for purposes of determining diversity jurisdiction. Accordingly, the Motion to Remand will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand [3] filed by the Plaintiff Jeanes-Kemp LLC is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1(b)(1)(B) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the magistrate judge of this order and shall submit an order lifting the stay entered in this matter on November 6, 2009.

**SO ORDERED AND ADJUDGED** this the 5th day of February, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE