# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEANES-KEMP, LLC** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:09CV723 LG-RHW** |
| | § | |
| **JOHNSON CONTROLS, INC., THE** | § | |
| **PHOENIX FINANCIAL GROUP, INC.,** | § | |
| **and PERRE CABELL, Trustee** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

BEFORE THE COURT is the Motion [20] for Judgment on the Pleadings filed by Defendant Johnson Controls, Inc. Plaintiff Jeanes-Kemp, LLC has responded, and Johnson Controls has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Complaint adequately states claims under Mississippi law. The Motion will therefore be denied.

### FACTS AND PROCEDURAL HISTORY

Jeanes-Kemp filed this suit to remove clouds on the title of property it acquired following foreclosure. Jeanes-Kemp alleges that its foreclosure of the first purchase money Deed of Trust cut off and terminated: 1) Johnson Controls, Inc.'s construction lien; 2) The Phoenix Financial Group's second and subordinate lien created by the second Deed of Trust; and 3) the title of the trustee Cabell in the Deed of Trust. Plaintiff further alleges that Johnson Controls and Phoenix refused to release liens that were purportedly extinguished by the foreclosure. Jeanes-Kemp alleges a loss of at least $2,720,000 resulted, because a buyer did not consummate its purchase of the property for that amount when the liens were not removed prior to closing.

THE LEGAL STANDARD

The standard for deciding a motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotations omitted). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted).

DISCUSSION

Johnson Controls states that its position is that a valid foreclosure of the Deed of Trust would have automatically extinguished Johnson Controls's construction lien as a matter of Mississippi law, and Johnson Controls had no legal obligation to release its construction lien. Johnson Controls also states that it has repeatedly offered to release the lien if Jeanes-Kemp would drop its demands for compensatory and punitive damages.[1] Nevertheless, Johnson Controls acknowledges that Mississippi Code § 11-17-31 entitles Jeanes-Kemp to attempt to clear the cloud on its title created by the lien.

Johnson Controls does not contest the adequacy of the Complaint as to the quiet title action. What it does contest is Jeanes-Kemp's attempt to plead claims for compensatory and punitive damages. Johnson Controls contends that there is no cause of action recognized in

---

[1] This conflicts somewhat with Jeanes-Kemp's allegation that it filed this suit and seeks damages only because Johnson Controls repeatedly refused to release the lien.

Mississippi law for the refusal to release a construction lien after foreclosure. Johnson Controls argues that Jeanes-Kemp is therefore not entitled to recover damages or attorney's fees.

Jeanes-Kemp did not address this argument in its response, preferring to focus on the merits of the quiet title action. However, the Court notes that Mississippi allows a cause of action for "slander of title," which can include damages and attorney's fees.

> "Slander of title" is a phrase commonly employed to describe words or conduct which bring or tend to bring in question the right or title of another to particular property. . . . the general rule of liability for slander of title is . . . : "One who falsely and maliciously publishes matter which brings in question or disparages the title to property, thereby causing special damage to the owner, may be held liable in a civil action for damages."
>
> . . .
>
> The false statement may consist of an assertion that . . . defendant has an interest in or lien upon the property.

*Walley v. Hunt*, 54 So. 2d 393, 396 (Miss. 1951) (citations omitted). This claim can and should be brought at the same time as an action to quiet title. *See, e.g., Palmer Expl., Inc. v. Dennis*, 759 F. Supp. 332, 335 (S.D. Miss. 1991) (separate claim for damages should have been brought with suit to remove cloud). Compensatory and punitive damages, as well as attorney's fees, are recoverable in a slander of title action. *Welford v. Dickerson*, 524 So. 2d 331, 332 (Miss. 1988); *Hairston v. Jim Walter Corp.*, 209 So. 2d 642 (Miss. 1968); *Middleton v. Howell*, 90 So. 725, 727 (Miss. 1922).

Federal Rule of Civil Procedure 8(a) requires notice pleading only and "a short, plain statement of the claim showing that the pleader is entitled to relief." Although Jeanes-Kemp failed to state expressly in its Complaint that it was asserting a slander of title cause of action, it pled facts that support and give notice of such a claim. Specifically, Jeanes-Kemp alleges that

Johnson Controls "without justification, false[ly], malicious[ly], willful[ly], reckless[ly]" and with "wanton disregard" claims a lien on the property, and that this false claim to a lien caused Jeanes-Kemp to lose the contracted-for sale of its property for $2,720,000. Compl. 5 (¶¶XIII, XIV). In the Court's opinion, Jeanes-Kemp has alleged the elements of a slander of title action in addition to its statutory claim to quiet title. Whether Jeanes-Kemp will be able to prove its allegations is not pertinent to a motion for judgment on the pleadings.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [20] for Judgment on the Pleadings filed by Johnson Controls, Inc. is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of April, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE