UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEANES-KEMP, LLC                                                                                          PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 1:09CV723-LG-RHW

JOHNSON CONTROLS, INC. et al                                                                    DEFENDANTS

## ORDER

This matter is before the Court on Plaintiff's [74] Emergency Motion for Protective Order, to Quash Depositions, to Impose Sanctions, and to Disqualify Counsel. Defendant also has filed a [97] Motion to File Sur-reply. The Court notes that the depositions which were the subject of this motion have been canceled, or at least postponed, pending resolution of the matters now before the Court. As such, the motion to quash depositions has been rendered moot.

## Factual Background

On July 16, 2010, Plaintiff served discovery responses on Defendant and produced a computer disk with scanned copies of 1,271 documents. The documents had been reviewed by three attorneys at the law firm representing Plaintiff, including two senior attorneys. Among the documents produced were documents numbered 1218 and 1219. These constituted a two-page email from Plaintiff's former counsel, Otis Johnson, addressed to Charles Kemp and William Jeanes. Kemp and Jeanes are the sole members of the limited liability company that is named as the Plaintiff in this lawsuit. Drew Malone, another of Plaintiff's former counsel, was copied on the email. While compiling responsive documents for discovery, Plaintiff's current counsel recognized that documents 1218 and 1219 were privileged attorney-client communications that should not be disclosed. Nevertheless, the documents were inadvertently placed on the computer

disk and sent to counsel for Defendant as part of the July 16, 2010, discovery response.

On July 26, 2010, David Michalski counsel for Defendant Johnson Controls, Inc. (JCI), sent an email to Plaintiff's counsel, Ron Peresich, inquiring whether they had intended to include documents 1218 and 1219 in their document production. Peresich immediately responded that the documents were inadvertently produced and requested that counsel for Defendant delete those documents from the disk and destroy or return any hard copies. Initially, in an email dated July 28, 2010, Michalski indicated that his firm would segregate the documents in question but would reserve the right to ask the Court whether Plaintiff had waived the attorney-client privilege. Then in an email dated July 30, 2010, Michalski informed Peresich that with respect to the substance fo the email, Defendant asked Plaintiff "to dismiss all of its claims against JCI with prejudice by no later than next Friday, August 6, which will spare us the cost of the depositions scheduled for the week of August 9." He further stated that "[i]f we must proceed with the depositions, we intend to use the document to interrogate Messrs. Jeanes and Kemp. We also intend to subpoena Mr. Johnson for a deposition." Plaintiff's instant motions followed.

## Law and Analysis

Pursuant to Fed. R. Civ. P. 26(b)(5)(B), if information is produced during discovery that is subject to a claim of privilege, and if the party making the claim of privilege has notified the party that received the information, the receiving party "must promptly return, sequester, or destroy the specified information and any copies it has; [and] must not use or disclose the information until the claim is resolved." Rule 502(b) of the Federal Rules of Evidence provides that disclosure of privileged information does not operate as a waiver if (1) the disclosure was inadvertent; (2) the holder of the privilege took reasonable steps to prevent disclosure; and (3) the

2

holder promptly took reasonable steps to rectify the error. Although inadvertent disclosure of privileged materials may result in waiver of the privilege, the Court should take into account the facts surrounding the disclosure on a case-by-case basis. *Alldread v. City of Grenada*, 988 F.2d 1425, 1434-35 (5th Cir. 1993). When determining whether waiver has occurred, the Court may consider (1) the reasonableness of precautions taken to prevent disclosure; (2) the amount of time taken to remedy the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness. *Id.* at 1433-35.

The Court finds that the communication in question is an attorney-client communication and normally would be protected from disclosure by the attorney-client privilege. The email communication is between an attorney and his client. It is in the manner of legal advice, offering for example counsel's opinion about potential weaknesses with Plaintiff's case and describing what proof will be needed to support Plaintiff's legal claims. The Court further finds that the disclosure of the communication was inadvertent. Three attorneys reviewed the documents and identified the document as privileged. Thus, reasonable steps were taken to assure against its disclosure. Nevertheless, through honest error, the document was produced as part of a larger document production. As soon as counsel for Plaintiff became aware of the disclosure, counsel took measures to retrieve the document and rectify the inadvertent disclosure. Based on the foregoing, the Court finds that Plaintiff's motion for protective order should be granted.

The Court finds that Plaintiff's motion to disqualify counsel should be denied. Disqualification of counsel must not be imposed without careful consideration. *See In re ProEducation Int'l, Inc.*, 587 F.3d 296, 300 (5th Cir. 2009); *Fed'l Dep. Ins. Corp. v. United States Fire Ins. Co.*, 50 F.3d 1304, 1313 (5th Cir. 1992). Disqualification of counsel is considered a

severe sanction and meticulous deference is afforded a litigant's right to counsel of its choice. *See In re ProEducation*, 587 F.3d at 300. The documents in question were procured not by defense counsel's misdeeds, but by a mistake committed by Plaintiff's counsel. Given the deference afforded to Defendant's right to counsel of its choice, the Court will not disqualify defense counsel on the basis of a disclosure error committed by Plaintiff's counsel.

Whether to impose sanctions is a somewhat closer question. To his credit, counsel for Defendant took the proper course of action by promptly notifying Plaintiff's counsel about the disclosure of what appeared to be an attorney-client communication. Defense counsel further took the proper course of action by indicating that he would segregate the document pending a ruling by the Court on whether Plaintiff had waived the attorney-client privilege. However, defense counsel's apparent use of the communication as leverage to convince Plaintiff to dismiss its lawsuit and defense counsel's threat to use the document at an upcoming deposition flirted with, even if it did not in fact cross, the line of defense counsel's ethical obligations. Nevertheless, the Court declines to impose sanctions at this time. The question of waiver was going to have to be determined eventually, thus necessitating the filing of pleadings and the Court's intervention. Defense counsel's use or threatened use of the documents served as the catalyst for the instant motion. Although defense counsel threatened to use the communication at the depositions of Jeanes and Kemp, the fact remains that those depositions have not taken place and the documents have not been used for questioning deponents. Defense counsel has represented that disclosure of the documents has been limited to Defendant's trial attorneys. Moreover, the anticipated future use of the documents by Defendant was premised ultimately on whether the Court found the attorney-client privilege had been waived.

4

IT IS THEREFORE ORDERED AND ADJUDGED that the [74] Motion for Protective Order is GRANTED and that Defendant shall delete from the computer disk documents numbered 1218 and 1219. Defendant is further directed to destroy any hard copies of the documents in question. Defense counsel should then verify by way of affidavit that it has taken such actions. Defense counsel is prohibited from using the documents in any manner in this litigation and is prohibited from sharing the documents or information contained therein with any other individuals or entities. This prohibition in no way prevents Defendant from questioning deponents about the factual basis for the allegations in their complaint.

IT IS FURTHER ORDERED that the Motion to Quash is deemed MOOT.

IT IS FURTHER ORDERED that the Motion to Disqualify Counsel and Motion for Sanctions are DENIED.

IT IS FURTHER ORDERED that Defendant's [97] Motion for Leave to File Sur-reply is DENIED.

SO ORDERED, this the 1st day of September, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE