IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEANES-KEMP, LLC,                          )
                                           )  CASE NO: 1:09-CV-00723-LG-RHW
            Plaintiff,                     )
                                           )  **STIPULATED ORDER GOVERNING**
    v.                                     )  **DEFENDANT JOHNSON CONTROL'S**
                                           )  **INC.'S AGREEMENT TO RELEASE ITS**
JOHNSON CONTROLS, INC., *et al.*,          )  **CONSTRUCTION LIEN AND DENYING**
                                           )  **AS MOOT PLAINTIFF'S MOTION FOR**
            Defendants.                    )  **PARTIAL SUMMARY JUDGMENT**
                                           )
                                           )

On December 22, 2010, Plaintiff Jeanes Kemp, LLC. ("Jeanes-Kemp") filed a Motion for Partial Summary Judgment ("Motion") (Docket No. 177) requesting the Court to order Defendant Johnson Controls, Inc. ("JCI") to release the Notice of Construction Lien (the "Lien") (Exhibit C to the First Amended Complaint) filed by JCI on or about December 18, 2008 against the property described in the Legal Description attached as Exhibit A to the First Amended Complaint.   On January 7, 2011, JCI filed its Opposition to Plaintiff's Motion for Partial Summary Judgment (Docket No. 183), which argued that the Lien no longer existed, as a matter of law, either because it was extinguished by Plaintiff's April 22, 2009 foreclosure or by the expiration of the one-year statute of limitations for bringing suits on lien contained in Miss. Code Ann. § 89-5-19.   On January 14, 2011, Jeanes-Kemp filed Plaintiff's Rebuttal in Support of Motion for Partial Summary Judgment (Docket No. 185).

On January 25, 2011, Jeanes-Kemp's counsel, Ron G. Peresich, Esq., sent a letter to the Court, which is not reflected on the docket, asking for an expedited hearing on the Motion.  Mr. Peresich stated that Jeanes-Kemp had "entered into negotiations with two possible buyers although there is not now a contract with either."  The letter represented that both potential

1    buyers had mentioned the need to remove JCI's lien "as a condition of sale."  On January 26,

2    2011, JCI's counsel, James G. Wyly, III, wrote the Court in response to Mr. Peresich's letter

3    expressing JCI's willingness to release the Lien if Jeanes-Kemp disclosed the potential buyers

4    and the status of negotiations.   The Court has yet to rule on the Motion,  but JCI has agreed to

5    execute a release (in the form attached hereto as Exhibit A (the "Release")) purely as an

6    accommodation and courtesy to Jeanes-Kemp and without admitting any legal obligation ever to

7    have done so, subject to the terms described immediately below in this Stipulated Order.

8         The fact that JCI has signed the Release and any discussions concerning the same are part

9    of an offer to compromise subject to Rule 408 of the Federal Rules of Evidence and further

10   conditioned upon Jeanes-Kemp's agreement to the terms in this Stipulated Order and the Court's

11   approval of same.  JCI will deliver the signed Release to Jeanes-Kemp's counsel within 48 hours

12   of the Court's approval of this Stipulated Order.  Jeanes-Kemp understands that it will not be

13   allowed to argue at trial or in other proceedings that JCI's execution of the Release is an

14   admission of any wrongdoing or that JCI's execution of the Release is an admission that JCI ever

15   had a legal obligation to execute any release of the Lien.  Furthermore, if any sale of the Property

16   occurs before trial, Jeanes-Kemp shall not be allowed to argue that JCI's execution of the

17   Release in any way evidences that any other sale would have closed if JCI had provided a similar

18   release earlier.  However, this Order shall not prevent Jeanes-Kemp from arguing that JCI's lien

19   should have been released at an earlier time, and shall not prevent Jeanes-Kemp from presenting

20   all of its claims with the understanding that JCI's Release of its Lien shall not be considered an

21   admission of liability.

22

23

1    Subject to JCI's counsel delivering a signed Release to Jeanes-Kemp's counsel within 48

2    hours of the Court's approval of this Stipulated Order, Jeanes-Kemp's Motion is hereby denied

3    as moot.

4    Dated: 2/18/2011              IT IS SO ORDERED.

5

6

7                                 JUDGE LOUIS GUIROLA, JR.

8    APPROVED:

9

10   Ronald G. Peresich
     Page, Mannino, Peresich & McDermott
     759 Vieux Marche Mall
11   P.O. Drawer 289
     Biloxi, Mississippi 39533
12   *Attorney for Plaintiff, Jeanes-Kemp, LLC*

13

14

15   James G. Wyly, III
     Phelps Dunbar, LLP
16   North Court One
     2304 19th Street, Suite 300
17   Gulfport, Mississippi 39501
     *Attorney for Defendant, Johnson Controls, Inc.*

18

19

20

21

22

23